**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00049-MR
[Criminal Case No. 1:08-cr-00128-MR-DLH-3]**

| | |
|---|---|
| **TERRANCE DEANDREW, BACKUS,** )<br>)<br>**Petitioner,** )<br>)<br>**vs.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **MEMORANDUM OF<br><u>DECISION AND ORDER</u>** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1], as amended[1] [Doc. 5].

## I.    BACKGROUND

### A.    Offense Conduct

Petitioner Terrance Deandrew Backus pled guilty to participating in a drug trafficking conspiracy in Burke County, North Carolina, from around 2004 to December 2008.  [Case No. 1:08-cr-00128, Doc. 274 at 8: PSR]. During the course of their investigation, state law enforcement agents

_____

[1]  For simplicity's sake, the Court will refer to the amended motion to vacate throughout this order simply as Petitioner's "motion to vacate."

interviewed numerous individuals who stated that, at various times from 2004 through 2007, they had purchased in excess of 500 grams of cocaine base from Petitioner.  [Id., Doc. 397 at 5-9: Final PSR].  Between January 2007 and mid-April 2007, case agents arranged for a cooperating witness ("CW") to conduct approximately five controlled purchases of cocaine base and cocaine hydrochloride from Petitioner, which purchases totaled in excess of 100 grams.  [Id. at 5-6].

On April 5, 2007, subsequent to a chase by law enforcement, Petitioner was arrested for reckless driving by a Catawba County Sheriff's Deputy.  At the time of his arrest, Petitioner possessed 14.9 grams of powder cocaine and $2,140 in currency.  [Id. at 6].  Thereafter, on April 18, 2007, agents executed a North Carolina search warrant at Petitioner's residence in Hickory, North Carolina, and seized various illegal drugs, drug paraphernalia, cash, as well as numerous weapons and ammunition.  [Id. at 6-7].  A second search warrant was executed at a residence in Valdese, North Carolina, on August 10, 2007.  [Id. at 7].  On that occasion, Petitioner was found in the master bedroom with a baggie containing cocaine hydrochloride in his pants pocket.  [Id.].  Also during the search of the residence, officers seized cocaine base, cocaine hydrochloride, a quantity of ecstasy, cash, and a .22 rifle with scope.  [Id.].  The evidence gathered in

the investigation indicated that Petitioner could be held accountable for 2.866 kilograms (2,866.15 grams) of cocaine base in addition to other drugs. [Id. at 9].

## B. Pre-Trial Process

On December 3, 2008, a Federal Grand Jury in the Western District of North Carolina indicted Petitioner and fourteen other individuals for violations of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. §§ 922(g)(1) and 924(c). [Case No. 1:08-cr-00128, Doc. 2: Indictment]. Specifically, Petitioner was charged with conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One). Prior to trial, Petitioner agreed to plead guilty to Count One of the indictment pursuant to the terms of a written plea agreement. [Id., Doc. 140: Plea Agreement]. The parties agreed to jointly recommend that the amount of cocaine base that was reasonably foreseeable to Petitioner was at least 150 grams but less than 500 grams. [Id., Doc. 140 at 2]. Provided that Petitioner made a full, accurate, and complete disclosure regarding the circumstances of the offense, the Government also agreed to recommend an additional one-level reduction in Petitioner's offense level for acceptance of responsibility. [Id.]. In exchange for the concessions made by the Government, Petitioner waived

his rights to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5]. Finally, the parties agreed that there were no other agreements, representations, or understandings between the parties other than those set forth in the plea agreement. [Id. at 10].

## C.    Guilty Plea

On March 4, 2009, Petitioner appeared at his plea and Rule 11 hearing, the Honorable Dennis L. Howell presiding. [Id., Doc. 419: Transcript of Plea and Rule 11 Hearing]. At the hearing, Petitioner acknowledged that he was under oath; that he understood the charge against him in Count One and the maximum penalty for that charge; that the Court would impose a sentence within the statutory limits and that the sentence could be greater or less than the sentence provided for by the sentencing guidelines; that he was in fact guilty of the charged drug conspiracy; that his plea was voluntary and not the result of coercion, threats, or promises other than those contained in the written plea agreement; that he understood the terms of his plea agreement; and that he was knowingly waiving his right to appeal or file a post-conviction proceeding except for claims based on ineffective assistance of counsel or prosecutorial misconduct. [Id. at 2; 8; 10-12; 14; 15; 16; 17-18]. At the

conclusion of the hearing, the Magistrate Judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. [Id. at 21].

### D.    Presentence Investigation Report

In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating Petitioner's guidelines range of imprisonment. [Id., Doc. 274]. Noting that the investigation revealed that Petitioner could be held accountable for 2.866 kilograms (2,866.15 grams) of cocaine base, but that pursuant to the plea agreement stipulation Petitioner was being held accountable for only 150 grams to 500 grams of cocaine base, the probation officer calculated a base offense level of 32. [Id. at 10]. The probation officer increased Petitioner's offense level two levels for the use of dangerous weapons during the distribution activities, three levels for his managerial role in the offense, and two levels for reckless endangerment, resulting in an adjusted offense level of 39. [Id. at 10-11]. The probation officer also noted that based on Petitioner's prior convictions for voluntary manslaughter, two counts of trafficking in cocaine and three counts of assault on a government officer/employee with aggravated physical force, he qualified as a career offender within the meaning of U.S.S.G. § 4B1.1, which would yield an offense level of 37. [Id. at 11]. This, however, was less than the adjusted offense level of 39 based

on the drug quantities and enhancements. Therefore, Petitioner's offense level remained at 39. [Id.]. Decreasing the adjusted offense level three points for acceptance of responsibility, the probation officer calculated Petitioner's total offense level at 36, which taken with Petitioner's criminal history category of VI, generated an advisory guidelines range of imprisonment of 324 to 405 months. [Id. at 17, 21].

Petitioner lodged objections to the PSR on August 26, 2009, denying that he possessed weapons in connection with the charged offense, denying that he supervised or managed others, and objecting to the convictions listed in paragraphs 60 and 61 because they were more than ten years old. [Id., Doc. 313]. Petitioner filed amended objections on February 16, 2010, objecting to the prior convictions used to qualify him as a career offender, that is, trafficking in cocaine, voluntary manslaughter and assault on a government officer-employee with aggravated physical force, contending that these convictions should not be counted separately, and that the conviction in paragraph 63 of the PSR for driving while license revoked and carrying a concealed weapon was more than ten years old or, alternatively, should not be counted as separate from the conviction for driving while revoked in paragraph 61 of the PSR. [Id., Doc. 387 at 2].

Responding to Petitioner's objections, the probation officer noted that

even without the manslaughter conviction, Petitioner still had two qualifying convictions which qualified him for career offender status. [Id., Doc. 397 at 26: Revised Addendum to PSR]. Likewise, absent the three points assigned for the manslaughter conviction, he still had enough criminal history points to qualify for criminal history category VI. [Id. at 27].

### E. Sentencing

Petitioner appeared with his court-appointed counsel, Amos G. Tyndall, before this Court on March 10, 2010 for sentencing.[2] [Id., Doc. 423 at 2-17: Sentencing Hearing Tr.]. At that time, Petitioner re-affirmed that the answers he gave at the Rule 11 hearing were true, and this Court accepted Petitioner's guilty plea as knowingly and voluntarily made. [Id. at 2-5].

The parties stipulated that in exchange for the Government's agreement to withdraw the two-level reckless endangerment enhancement, Petitioner agreed to withdraw his objections to the two-level enhancement for dangerous weapons and the three-level enhancement for Petitioner's managerial role in the conspiracy. [Id. at 8-9]. The Court, therefore, sustained Petitioner's objection to the reckless endangerment enhancement and concluded that Petitioner's total offense level was 34,

---

[2] Petitioner was represented by James S. Weidner until September 22, 2009. Amos G. Tyndall was appointed to represent Petitioner on September 24, 2009. [Id., Doc. 351].

and his criminal history category was VI, resulting in an applicable guidelines range of 262 to 327 months' imprisonment.  [Id. at 10].

Petitioner's attorney noted to the Court that even if all of Petitioner's objections were sustained, the result would be identical to the stipulation and that Petitioner's goal was to get to the bottom of the 262- to 327-month guidelines range.  [Id. at 8].  Therefore, counsel requested the Court to sentence Petitioner at 262 months, the low end of that range.  [Id. at 10-11].  The Government concurred that a sentence at the low end of the guidelines range would be reasonable, taking into consideration all the facts and circumstances of the case.  [Id. at 11].  The Court then sentenced Petitioner to 262 months' imprisonment, to be followed by five years' supervised release.  [Id. at 13-14].

## F.    Appeal

Petitioner timely appealed the Court's Judgment.  [Id., Doc. 403: Notice of Appeal].  Petitioner's appellate counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there were no meritorious issues for appeal but arguing (1) that Petitioner's criminal history was overstated warranting a downward departure pursuant to U.S.S.G. § 4A1.3(b)(3) in the career offender enhancement and criminal history range from Level VI to Level V, and (2) Petitioner's sentence was

unreasonable because this Court failed to consider a variance in applying 18 U.S.C. § 3553(a) factors and to impose a sentence based on a 1:1 ratio for crack and powder cocaine. See United States v. Backus, 406 F. App'x 692, 693 (4th Cir. 2010) (unpublished). Petitioner filed a *pro se* supplemental brief, alleging ineffective assistance of appellate counsel for failing to consult with him concerning meritorious issues to raise on appeal. See id. at 694.

In an unpublished, per curiam opinion issued on December 28, 2010, the Fourth Circuit affirmed Petitioner's sentence. Id. at 693-94. The Court concluded that Petitioner's claim that this Court erred in failing to grant Petitioner a downward departure from criminal history category VI to criminal history category V was not reviewable on appeal because the record did not demonstrate that this Court failed to recognize its authority to depart. Id. at 693. The appellate court also opined that this Court did not err in failing to consider a downward variance based on the crack-to-powder sentencing disparity. Id. at 694. Additionally, based on its review of the record, the Fourth Circuit found no other meritorious issues for appeal and therefore affirmed this Court's judgment. Id.

### G.    Section 2255 Motion

On or about November 3, 2011, Petitioner filed the timely instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, seeking to correct his sentence, arguing: (1) that he was assigned incorrect criminal history points in the PSR and was subsequently sentenced based on the erroneous PSR; (2) that the Court failed to apply the Section 3553(a) factors in determining Petitioner's sentence; (3) that the Court should re-sentence him, applying a different crack-to-powder ratio; and (4) that he received ineffective assistance of counsel during the sentencing proceedings.

On March 1, 2012, Petitioner filed a motion to amend his original Section 2255 motion to include a challenge to his prior conviction for manslaughter as a prior conviction for career offender purposes, claiming that "in light of subsequent, post-sentencing, U.S. Supreme Court authority . . . [Petitioner's] manslaughter conviction no longer qualifies as a prior predicate for purposes of the career offender guidelines."  [Doc. 2].  On September 27, 2012, the Court ordered Petitioner to re-file his motion to vacate under the penalty of perjury within twenty days and granted Petitioner's motion to amend.  [Doc. 3].  On November 19, 2012, Petitioner

filed his amended Section 2255 motion, signed under the penalty of perjury. [Doc. 5].

## II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

### A.   Petitioner's First Three Grounds for Relief

With regard to his first claim regarding alleged errors in the PSR, Petitioner contends in his motion to vacate that he should not have received one criminal history point based on recency under U.S.S.G. § 4A1.1(e). [Doc. 5 at 4]. Petitioner contends that the Court should not have assigned Petitioner this one point because the Sentencing Commission has eliminated Subsection (e) from the guidelines calculations. [Id.]. Petitioner also contends that he never served a term of

imprisonment as to various offenses listed in the PSR, specifically those convictions listed in paragraphs 60, 61, 62, 63, and 65. [Id. at 5]. Petitioner contends that these convictions were, therefore, non-qualifying offenses for the purpose of increasing Petitioner's criminal history points. [Id.].

Petitioner further contends that the convictions cited in paragraphs 68 and 69 were suspended sentences and, therefore, should not have been used to assess criminal history points, and that the conduct underlying Petitioner's convictions listed in paragraphs 65 and 66 of the PSR should have been treated as a single sentence offense. [Id.]. Finally, in his motion to amend the motion to vacate, Petitioner contended that his prior state court conviction for manslaughter does not qualify as a predicate offense for purposes of his career offender designation. See [Doc. 2].

Petitioner may not use Section 2255 as a substitute for an appeal. See United States v. Frady, 456 U.S. 152, 165-66 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)). Accordingly, there is a presumption that "[o]nce the defendant's chance to appeal has been waived or exhausted, . . . he stands fairly and finally convicted." Frady, 456

U.S. at 164. Further, as stated by the Fourth Circuit in <u>United States v.</u> <u>Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>Id.</u> (citing <u>Frady</u>, 456 U.S. at 167-68).

On direct appeal, Petitioner argued that his criminal history set forth in the PSR was overstated, that this Court erred in failing to grant a downward departure from criminal history category VI to criminal history category V, and that this Court imposed an unreasonable sentence based on its failure to consider a downward variance based on a one-to-one ratio of crack-to-powder cocaine. <u>See Backus</u>, 406 Fed. App'x at 693. Petitioner did not raise his contentions as to the specific alleged errors in assigning criminal history points in the PSR, or that the district court failed to consider Section 3553(a) factors in determining an appropriate sentence. Consequently, unless Petitioner can show cause and prejudice, his failure to raise these issues on appeal bars any review pursuant to 28 U.S.C. § 2255. As the Supreme Court has made clear, a defendant

seeking collateral relief based on errors not raised at trial or on appeal must show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged errors. Frady, 456 U.S. at 167-68; see also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) (stating that the failure to make a contemporaneous objection at trial requires the establishment of cause and prejudice in a Section 2255 proceeding). Here, Petitioner has not shown cause or prejudice to excuse his procedural default, and his first two claims are, therefore, not cognizable.[3]

Next, as to Petitioner's third claim that the Court should re-sentence him applying a different crack-to-powder ratio, Petitioner asks the Court to exercise its "discretionary powers to [r]emand and [r]esentence [him] under application of [a] (1:1 ratio for crack and powder cocaine) sentencing platform" based on the "sentence disparity between old and new sentencing law(s)." [Doc. 5 at 11]. The law is well-established that issues previously decided on direct appeal from conviction and/or sentence cannot be recast in the form of a Section 2255 motion. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004). Here, the Fourth Circuit

---

[3]  To the extent that Petitioner contends that ineffective assistance of counsel was cause to excuse his procedural default, as the Court discusses, infra, Petitioner has failed to show that he has received ineffective assistance of counsel.

specifically concluded that this Court "did not err in failing to consider a downward variance based on the crack-to-powder cocaine sentencing disparity." Backus, 406 F. App'x at 694. Therefore, Petitioner is foreclosed from challenging his sentence on this basis.

Furthermore, Petitioner's first three claims are not cognizable here because he knowingly and voluntarily waived his right to collaterally attack his sentence in his written plea agreement. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, because the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. These three grounds for relief do not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and these claims will be dismissed for this additional reason.

**B.    Petitioner's Fourth Ground for Relief**

In his fourth ground for relief, Petitioner brings various claims of ineffective assistance of trial counsel based on counsel's alleged ineffective assistance at sentencing.  The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  <u>See</u> U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).    In  making  this  determination,  there  is  "a  strong presumption  that  counsel's  conduct  falls  within  the  wide  range  of reasonable professional assistance."  <u>Id.</u> at 689; <u>see also</u> <u>United States v. Luck</u>, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'"  <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998) (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  <u>Bowie v. Branker</u>, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court

need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Finally, to demonstrate prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22.

In support of his claim for ineffective assistance of counsel, Petitioner alleges that trial counsel Amos G. Tyndall provided ineffective assistance of counsel during all stages of the sentencing proceedings, asserting that (1) counsel failed to investigate Petitioner's prior state convictions set forth in the PSR; (2) counsel failed to challenge the inaccuracies in the PSR; (3)

counsel failed to challenge the Court's application of career offender sentencing provisions; and (4) counsel failed to prepare an adequate defense to the alleged inaccuracies in the PSR regarding Petitioner's criminal history points. [Doc. 5 at 6, 12]. Petitioner contends that the alleged deficient performance by counsel caused Petitioner to be sentenced to an "unreasonable" 262 months' imprisonment. [Id. at 21].

Specifically, as noted previously, Petitioner argues that he was erroneously assessed criminal history points for convictions in paragraphs 60, 61, 62, 63 and 65 of the PSR because he never "served any term of imprisonment in direct connection to these offenses," and that the offenses described in paragraphs 65 and 66 should be counted as one conviction for his criminal history point assessment because he received concurrent sentences in one sentencing process. [Id. at 5]. Petitioner also claims that the one point assessed in paragraph 73 based on recency is no longer a qualifying point under the guidelines. Petitioner contends that, at sentencing, counsel did not raise "those inaccurate PSR criminal history point assessments, and negligently stipulated for sentencing record that the contents to PSR criminal category and offense level were correct." [Id. at 6]. Petitioner contends that counsel's "unprofessional performance subjected Petitioner to a[n] unwarranted sentencing process (prejudice)

18

when [the] Court applied those inaccurate point assessments to deduce its 262 month sentence upon the Petitioner, other than [a] corrected sentence of Criminal History Category IV, Offense Level 27, (100-125) month sentence." [Id.].

Petitioner fails to meet the burden required to establish his allegations of ineffective assistance of counsel. First, when challenging the district court's reliance on information in the presentence report in making findings, the defendant bears the burden of establishing that the information relied on by the district court is incorrect; mere objections are insufficient. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). With respect to Petitioner's argument that he should not have received criminal history points for sentences for which he served no active term of imprisonment, Sentencing Guidelines § 4A1.2(a)(3) provides that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." U.S.S.G. § 4A1.2(a)(3). Thus, Petitioner is incorrect in his contention that a conviction does not garner criminal history points if the defendant received only a suspended sentence. In any event, it appears that Petitioner, in fact, served active time with respect to every conviction Petitioner challenges

except for the conviction in paragraph 60 for driving while license revoked and giving fictitious information to an officer, for which Petitioner appropriately received one criminal history point, consistent with U.S.S.G. § 4A1.2(a)(3). [Case No. 1:08-cr-00128, Doc. 397 at 13].

Petitioner also challenges the probation officer's assessment of a criminal history point for a conviction for driving while licensed revoked ( paragraph 62 of the PSR), but a review of the PSR makes clear that Petitioner did not receive a point for that conviction. [Id.]. Finally, with respect to Petitioner's argument that he should not have received criminal history points for the convictions listed in paragraphs 65 (assault on a government employee) and 66 (voluntary manslaughter) because he received concurrent sentences for these convictions, Petitioner's argument fails because he was sentenced for the conviction identified in paragraph 66 nearly a year after he was sentenced for the conviction identified in paragraph 65, and it appears that there was an intervening arrest between the offenses. See U.S.S.G. § 4A1.2(a)(2) (providing that sentences are always counted separately if imposed for offenses that were separated by an intervening arrest).

With respect to Petitioner's classification as a career offender, trial counsel Tyndall lodged objections to the PSR relative to the felony

convictions supporting Petitioner's status as a career offender (paragraph 51 of the PSR) and to the three points assessed for driving while license revoked and carrying a concealed weapon (paragraph 63 of the PSR). [Case No. 1:08cr128, Doc. 387: Amended Objection to PSR].  The record shows, however, that Petitioner was not sentenced as a career offender. His offense level was based on the drug quantities for which he was accountable and various enhancements.  At sentencing, the Government agreed to withdraw the two-level enhancement for reckless endangerment in exchange for Petitioner's withdrawal of his original objections to the two-level enhancement for possession of weapons during the drug distribution activities (paragraph 46 of the PSR) and the three-level enhancement for managerial role in the offense (paragraph 48 of the PSR).  This reduced Petitioner's adjusted offense level from 39 to 37, and likewise reduced his total offense level from 36 to 34, which, combined with criminal history category VI.  This yielded a guidelines sentencing range of 262 to 327 months.  [Id., Doc. 423 at 8].  Additionally, Petitioner's counsel requested that the Court sentence Petitioner at the bottom of the guidelines range. [Id. at 10].  The Government did not object to this request, and the Court sentenced Petitioner to 262 months' imprisonment.  [Id. at 10-11; 13]. Thus, contrary to Petitioner's allegations that he received an

"unreasonable" sentence based on counsel's ineffective assistance at sentencing, the record demonstrates that because of defense counsel's advocacy, Petitioner's guideline sentencing range was reduced from 324 to 405 months' imprisonment to 262 to 327 months' imprisonment and Petitioner was sentenced to 262 months, the bottom of the guidelines range.

Additionally, as to Petitioner's contention that his counsel did not sufficiently challenge Petitioner's designation as a career offender, the record makes clear that Petitioner's status as a career offender made no difference in his sentence.  As a career offender, his offense level under U.S.S.G. § 4B1.1 is 37, and his criminal history category is VI.  <u>See</u> [<u>Id.</u>, Doc. 397 at 11; 17].   The Government's withdrawal of the two-level reckless endangerment enhancement reduced Petitioner's adjusted offense level from 39 to 37 with the same criminal history category of VI. [<u>Id.</u> at 8].  Consequently, Petitioner was subject to the same total offense level with or without the career offender designation.  Thus, even if the career offender designation were erroneous, Petitioner has not shown that he was prejudiced by counsel's failure to challenge this designation.

## IV. CONCLUSION

For the reasons stated herein, the Petitioner is not entitled to relief, and the Court will therefore dismiss the motion to vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS THEREFORE ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1], as amended [Doc. 5], is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 29, 2013

Martin Reidinger
United States District Judge